**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| WESLEY DYSON | CRIMINAL ACTION |
| VERSUS | 99-294-SDD-EWD |
| TIM HOOPER, WARDEN<br>LOUISIANA STATE PENITENTIARY | |

**RULING**

This matter is before the Court on the *Motion for Relief From a Final Judgment Under Federal Rule of Civil Procedure Rule 60(B)*[1] filed by Petitioner, Wesley Dyson ("Dyson"). No response has been filed. For the following reasons, Dyson's motion shall be denied.

**I.   BACKGROUND**

Dyson is an inmate at Louisiana State Penitentiary (LSP), serving a life sentence for second degree murder based on an October 13, 1982 conviction. Dyson claims that he clearly indicated to his defense attorney and to the court that he wished to appeal his conviction.[2] However, his defense attorney did not file an appeal.[3] After attempting to file late post-conviction appeals *pro se* and pursuing judicial review through the Louisiana judicial system,[4] Dyson filed a writ of habeas corpus to have his case reviewed in federal

---

[1] Rec. Doc. 201.
[2] Rec. Doc. 30, pp. 1–2.
[3] *Id.* at p. 2.
[4] *Id.* at pp. 2–4. Dyson filed his first post-conviction motion for an out-of-time appeal with the trial court on November 19, 1985, over three years after his conviction. He again attempted to appeal after the Louisiana Legislature enacted La. Code of Criminal Procedure article 930.8, which caps the time for an application of post-conviction relief, including out-of-time appeals, at three years after the judgment of conviction and sentence become final. At each step, his pleadings were denied on procedural grounds.

court on constitutional grounds, based on the question of ineffective assistance of counsel, on June 28, 1999. His writ of habeas corpus was deemed timely filed after having exhausted state law remedies.[5] Judge Peter Beer wrote in his April 23, 2001 denial of the writ, that:

> The United States supreme Court in *Evitts v. Lucey*, 469 U.S. 387 (1985), recognized that a defense attorney's fault in failing to perfect a timely appeal constitutes ineffective assistance of counsel which is a denial of defendant's constitutional right of due process. Nevertheless, a federal court generally will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the merits of the federal claim and adequate to support that judgment.[6]

Judge Beer asserted in his denial of habeas corpus that the "independent and adequate state law" doctrine "applies to both substantive and procedural grounds."[7] Judge Beer also noted that the U.S. Fifth Circuit Court of Appeals "has held that Article 930.8 is an adequate state court rule to bar federal habeas review."[8] Following an evidentiary hearing on the matter, the district court "determined that petitioner was fully informed by the trial court of his right to appeal and the time limitations involved and that he voluntarily waived his right to appeal."[9]

## II.    DYSON'S ARGUMENT

Dyson asserts that the United States Supreme Court announced a substantive change in law that affects his right to appeal in *Garza v. Idaho*.[10] In addition, Dyson claims that lockdown restrictions and poor maintenance of prison facilities due to the COVID-19

---

[5] Rec. Doc. 13, p. 2.
[6] *Id.* at p. 3.
[7] Rec. Doc. 13, p. 3, citing *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).
[8] *Id.*, citing *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). As indicated in note 6, La. Code of Criminal Procedure article 930.8 deals with the timeliness of pleadings for post-conviction relief.
[9] *Id.* at p. 4.
[10] Rec. Doc. 30, p. 12 (citing *Garza v. Idaho*, 139 S. Ct. 738 (2019)).

pandemic prevented filing a pleading within a year of the *Garza* decision.[11] Dyson claims he "followed the trial judge's instructed [sic] to the letter."[12] Dyson asserts that the subsequent procedural steps taken in his case, all of which were dismissed with prejudice, were thus in error. As a result, Dyson prays that the Court will grant the instant motion and "recall the records, so that, Dyson can be afforded the right to a full and fair opportunity to develop him [sic] claim pursuant to 28 U.S.C. § 2254."[13]

## III.   LAW & ANALYSIS

The success of this motion turns on whether, as Dyson asserts, there has been a substantive change in law that could afford Dyson an opportunity to pursue a remedy under 28 U.S.C. §2254. Dyson claims that the facts in *Garza* are "materially indistinguishable" from his case.[14] For the reasons stated below, the *Garza* opinion does not offer Dyson relief on which he can rely to qualify for federal habeas relief.

Dyson asserts his claim under Federal Rules of Civil Procedure (FRCP), Rule 60(b)(6), which provides, in relevant part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> \*\*\*
>
> (6) any other reason that justifies relief.[15]

FRCP Rule 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of

---

[11] *Id.* at p. 6–7.
[12] *Id.* at p. 12.
[13] *Id.* at p. 13.
[14] *Id.* at p. 12.
[15] Fed. R. Civ. Pro., R. 60(b).

the judgment or order or the date of the proceeding."[16] No timeframe is given for reason (6), so the principle that it must be made within "a reasonable time" applies. Under this standard, if there was a substantive change of law that affected Dyson's right to relief, COVID-19 restrictions and the lack of library maintenance at the prison may factor into what a "reasonable" time might be. As a result, the crux of whether Dyson's pleading is viable is whether there was a substantive change of law that benefits him.

Dyson claims *Garza* provides this substantive change. However, *Garza* does not have an actual bearing on Dyson's case. In *Garza*, the Supreme Court held that "the presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether the defendant has signed an appeal waiver."[17] In *Garza*, the petitioner signed two plea agreements in which he waived his right to appeal. After he was sentenced, Garza "told his trial counsel that he wished to appeal."[18] Garza repeatedly reminded his attorney that he wanted to appeal. However, the attorney did not file an appeal and instead informed Garza that his waiver made an appeal problematic.[19]

Four months after sentencing, Garza sought post-conviction relief in state court, alleging that his trial counsel rendered ineffective assistance by failing to file the appeal as requested.[20] The trial court denied relief, as did the court of appeal and the Idaho Supreme Court.[21] The Idaho Supreme Court "ruled that Garza, given the appeal waivers, needed to show both deficient performance and resulting prejudice; it concluded that he

---

[16] Fed. R. Civ. Pro., R. 60(c)(1).
[17] *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019)(citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000), wherein the Supreme Court held that prejudice to the defendant should be presumed without looking at the merits of the case if the defendant's attorney's performance costs the defendant an appeal the defendant would otherwise have pursued.).
[18] *Id.* at 743.
[19] *Id.*
[20] *Id.*
[21] *Id.*

could not."[22] The Idaho Supreme Court took a minority position in so ruling, as eight of the federal Courts of Appeals had already applied *Flores-Ortega*'s presumption of prejudice even after a defendant signed an appeal waiver.[23]

The crux of the *Garza* case is whether an automatic presumption of prejudice should be applied when an attorney fails to file an appeal that a defendant has requested although the defendant waived his/her right to appeal in a plea agreement. However, at the time *Garza* was decided, there already existed a wealth of jurisprudence that assigned a presumption of prejudice for failure to appeal after a guilty plea. In *Roe v. Flores-Ortega*, the Supreme Court extended the test from *Strickland v. Washington*,[24] to claims that "counsel was constitutionally ineffective for failing to file a notice of appeal."[25] In *Flores-Ortega*, the Court held

> that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want an appeal (for example because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.[26]

Under *Flores-Ortega*, an attorney who fails to consult with his client after the client demonstrated an interest in appealing is constitutionally ineffective. However, a defendant must also show he was prejudiced by this failure by demonstrating that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[27] In sum, the Court

---

[22] *Id.*
[23] *Id.*
[24] 466 U.S. 668 (1984).
[25] *Roe v. Flores-Ortega*, 528 U.S. at 476. The *Strickland* test requires a defendant claiming ineffective assistance of counsel to show: "(1) that counsel's representation 'fell below an objective standard of reasonableness,' [*Strickland*, 466 U.S. at 688] and (2) that counsel's deficient performance prejudiced the defendant. [466 U.S. at 694]." 528 U.S. at 476–77.
[26] *Id.* at 480.
[27] *Id.* at 484.

requir[es] a showing of actual prejudice (i.e., that, but for counsel's errors, the defendant might have prevailed) when the proceeding in question was presumptively reliable, but presuming prejudice with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent.[28]

Additionally, the Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[29] As such, Dyson had the requisite support for his complaint of ineffective counsel at the time of his original writ of habeas corpus. The District Court did not rule on his writ until after *Flores-Ortega* was published, so the relevant constitutional principles to consider the writ were already established at the time Judge Beer articulated his denial. *Garza* merely extended the presumption of prejudice that inures when failure to file a notice of appeal "rendered the proceeding presumptively unreliable or entirely nonexistent"[30] for a defendant who had signed an appeal waiver in a plea agreement. This extension does not apply to Dyson, who was found guilty by a jury.

**ACCORDINGLY,** Dyson's *Motion for Relief from a Final Judgment Under Federal Rule of Civil Procedure Rule 60(B)*[31] is hereby DENIED.

Baton Rouge, Louisiana, this  8th  day of December, 2022.

_____
**SHELLY D. DICK, CHIEF JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[28] *Id.*
[29] *Id.* at 476 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)).
[30] 528 U.S. at 484.
[31] Rec. Doc. 201.